THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEONARDO, S.P.A., an Italian company,<br><br>             Plaintiff,<br><br>      v.<br><br>THE BOEING COMPANY, a Delaware corporation,<br><br>             Defendant. | No. 2:19-cv-2082-JLR<br><br>**STIPULATED AMENDED PROTECTIVE ORDER** |

1.   <u>PURPOSES AND LIMITATIONS</u>

Due to issues that have arisen in the course of discovery with regard to the treatment of export controlled materials, the parties hereby stipulate to amend the prior Stipulated Protective Order (Dkt. No. 28), as indicated in Section 5.3, *infra.*[1] Otherwise, the purposes and limitations of this proposed protective order remain as previously articulated. Discovery in this action is likely to involve production of confidential, proprietary, private, or export-controlled information for which special protection may be warranted. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential or export-controlled treatment under the

---

[1] A comparison between the prior and current stipulated protective orders is filed concurrently herewith.



1  applicable legal principles, and it does not presumptively entitle parties to file confidential or
2  export-controlled information under seal. It is explicitly intended to also protect materials
3  produced by a third-party pursuant to a subpoena issued in this matter.

4  2.      "CONFIDENTIAL" AND "EXPORT-CONTROLLED" MATERIAL

"Confidential Material"[2] shall refer to confidential, proprietary engineering materials (including those that disclose proprietary intellectual property); materials incorporating confidential, non-public manufacturing and financial data; materials disclosing confidential or sensitive business practices, plans, ideas, evaluations, discussions or strategies (e.g., divestitures, mergers, acquisitions, and strategies or negotiations related to same); and non-public information concerning product pricing, suppliers, airline customers, and other third parties.

As a subset of Confidential Material, "Attorneys' Eyes Only Material" (referred to herein as "AEO Material") shall refer to documents containing highly sensitive information that the producing party believes in good faith could cause it significant harm if revealed to an employee of the receiving party. AEO Material shall not include any information that has been made public, provided that such public disclosure was not made unlawfully, inadvertently, or otherwise through the fault of the receiving party. AEO Material also shall not include information previously provided to the receiving party in such cases where the producing party did not limit access to or disclosure of such information consistent with the terms of paragraph 4.2(b) of this agreement.

"Export-Controlled Material" shall include information that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730.1, *et seq*., and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120.0, *et seq*. Such material may be contained in documents that a party furnishes in this case related to dual use commodities, technology, software, or defense articles. Although the parties shall use their best efforts to designate such information as "Export-Controlled Material" in accordance with this Order,

---

[2] The parties agree to a two-tier Protective Order that allows both "Confidential" and "Attorneys' Eyes Only" designations, each having different disclosure requirements. All subsequent references to "Confidential Material" encompass both tiers unless the distinction between them is specifically addressed.



information subject to EAR and ITAR shall at all times remain "Export-Controlled Material" regardless of whether such designation is made, in accordance with federal law.

3.  SCOPE

    3.1    General Scope. The protections conferred by this agreement cover not only Confidential and Export-Controlled Material (as defined above), but also (1) any information copied or extracted from Confidential or Export-Controlled Material; (2) all copies, excerpts, summaries, or compilations of Confidential or Export-Controlled Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential or Export-Controlled Material. However, the protections conferred by this agreement do not cover information that is in the public domain or legitimately becomes part of the public domain through trial or otherwise.

    3.2.    Foreign Data Privacy Laws. Nothing in this agreement is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. If the producing party identifies a particular discovery request that the producing party claims would call for production of documents in violation of a foreign data privacy law, the parties agree to meet and confer to address any such objection.

4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1    Basic Principles. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 3

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

(a)     the receiving party's outside counsel in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel and their paralegal or other support staff) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless a particular document or material produced is for Attorney's Eyes Only and is so designated, in which case disclosure is limited to: (i) outside counsel as defined in Section 4.2(a), and (ii) a limited group of in-house counsel that do not participate in competitive decision-making for issues relating to the other party. Each party shall limit access to AEO Materials to no more than four (4) attorneys and three (3) legal assistants (or other support staff) on its in-house counsel team at any given time during the pendency of this litigation, subject to the provisions of this paragraph. The names of in-house attorneys and legal assistants given access to AEO Materials shall be disclosed to the other party and may be revised by the receiving party from time to time as necessary. Any in-house attorney or assistant being removed from access must transfer all AEO Materials in his or her possession to another person authorized to maintain such access under this paragraph;

(c)     experts and consultants (and their employees) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and, in the case of AEO Materials, no more than four (4) experts and consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); provided, however, that such experts and consultants (and their employees) shall not include those that work on behalf of a competitor of either party;

(d)     the Court, Court personnel, and court reporters and their staff, subject to Section 4.3 below;

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 4

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

(e) copy or imaging services or e-discovery vendors (and their employees) retained by counsel to assist in the duplication and processing of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to return or destroy all originals and copies of any Confidential Material as soon as reasonably practicable;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Witnesses at deposition may not be shown AEO Material of the designating party without prior approval of the designating party, unless the witness falls into subsection (g) below. Pages of transcribed deposition testimony or exhibits to depositions that are designated Confidential Material may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) alternative dispute resolution personnel (*e.g.,* a mediator) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) or otherwise executed an acceptable confidentiality agreement; and

(i) each party's insurer(s), if necessary to secure insurance coverage for a judgment entered in this action.

4.3   Filing Confidential Material. Before filing Confidential Material or discussing or referencing such material in Court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 5

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

the information at issue. If coordination prior to filing is not feasible, the filing party shall file any Confidential Material under seal, without prejudice to the filing party's right to object to the designation of such material. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. ACCESS TO AND USE OF EXPORT-CONTROLLED MATERIAL

    5.1   Basic Principles. The parties have a responsibility to ensure that Export-Controlled Material in their possession, custody or control is used in accordance with U.S. law, including EAR, 15 C.F.R. §§ 730.0, *et seq.* and/or ITAR, 22 C.F.R. §§120.1, *et seq*. To prevent unauthorized use of Export-Controlled Material, the parties agree to follow the procedure outlined in this Order.

    5.2   Disclosure of Export-Controlled Material. Counsel or another individual authorized to received Export-Controlled Material pursuant to the Protective Order will not disclose, export, or transfer, in any manner, Export-Controlled Material to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security, the United States Department of State, or other appropriate U.S. government department or agency except as permitted by U.S. law. Use or access outside of the U.S. or by Non-U.S. persons within the U.S. may require a license from the U.S. Department of State in accordance with ITAR or from the U.S. Department of Commerce in accordance with the EAR. The party producing the documents accepts no liability on behalf of the recipient for the procurement of or expense of such license, or in the event the recipient discloses controlled information or violates the EAR or ITAR. Diversion of any technical data subject to the ITAR or EAR to any (i) person, (ii) entity, (iii) country or (iv) any entity located or incorporated in a country, that is on any denied party list or list of sanctioned countries, pursuant to either the

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 6

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

EAR, ITAR or any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V) is prohibited.

5.3     Access to Export-Controlled Material. The parties have a responsibility to ensure that access to Export-Controlled Material in their possession, custody or control is restricted to authorized persons in accordance with U.S. law, including EAR, 15 C.F.R. §§ 730.0, *et seq.* and/or ITAR, 22 C.F.R. §§120.1, *et seq.*, including but not limited to disclosure to outside counsel, experts, consultants, and any staff supporting the same. To prevent unauthorized access of Export-Controlled Material, the parties agree to follow the procedure outlined in this paragraph.

(a)     All physical documents containing Export-Controlled Material shall be placed in a secure file or room with access limited to those persons identified in Paragraph 4.2 of the Protective Order who are persons authorized under U.S. law to view such materials.

(b)     If documents containing Export-Controlled Material are scanned and stored in a computer or loaded to a document review platform or software, access to such electronic files shall be restricted and limited to those persons identified in Paragraph 4.2 of the Protective Order who are persons authorized under U.S. law to view such materials.

5.4     Filing Export-Controlled Information. Before filing Export-Controlled Material or discussing or referencing such material in Court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the Export-Controlled designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Export-Controlled Material at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. If coordination prior to filing is not feasible, the filing party is obligated to file any Export-Controlled Material under seal. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 7

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

6. DESIGNATING PROTECTED MATERIAL

    6.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    If material has not been previously designated by the producing party or non-party as Confidential or Export-Controlled Material, then, where appropriate, the receiving party may make such designations. The making of such designations in the litigation does not relate back to the parties' pre-litigation designation or disclosure of material, if any.

    6.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, section 6.2(b) below), or as otherwise stipulated or ordered, disclosure or

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 8

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the respective designation (i.e., "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "EXPORT-CONTROLLED") to each page that contains Confidential or Export-Controlled Material.

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within twenty-one (21) days after receiving the transcript of the deposition or other pretrial proceeding, designate or re-designate portions of the transcript, or exhibits thereto, as Confidential Material or Export-Controlled Material, and the non-designating party may share information about the deposition consistent with the access restrictions in Sections 4 and 5. No person except those permitted access to Confidential or Export-Controlled Information by this Order can attend depositions when Confidential or Export-Controlled Information is disclosed. If a party or non-party desires to protect Confidential or Export-Controlled information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate designation (i.e., "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "EXPORT-CONTROLLED"). If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 9

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

6.3     Inadvertent Failures to Designate. If timely corrected upon notice, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement from that point forward.

7.     CHALLENGING CONFIDENTIALITY AND EXPORT-CONTROLLED DESIGNATIONS

7.1     Timing of Challenges. Any party or non-party may challenge a Confidential or Export-Controlled designation at any time. Unless a prompt challenge to a designating party's Confidential or Export-Controlled designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a Confidential or Export-Controlled designation by electing not to mount a challenge promptly after the original designation is disclosed. The parties agree to promptly address any request for re-designations.

7.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding Confidential or Export-Controlled designations without Court involvement. Any motion regarding Confidential or Export-Controlled designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3     Judicial Intervention. If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality or export-control protections under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 10

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential or Export-Controlled until the Court rules on the challenge.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Material or Export-Controlled Material, that party must:

    (a) promptly notify the designating party in writing and include a copy of the subpoena or court order to allow the designating party time to intervene to protect its materials if needed;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential or Export-Controlled Material may be affected.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Export-Controlled Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 11

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), with the exception that the parties agree the receiving party will immediately destroy or return (not sequester) all copies of the inadvertently produced material upon notice from the producing party. This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within a reasonable time[3] after the termination of this action, including all appeals and resolution of any motions arising out of this proceeding relating to third parties still pending after resolution of the action, each receiving party must return or certify the destruction of all Confidential and Export-Controlled Material to the producing party, including all copies, extracts and summaries thereof. Upon request of the party who produced or supplied the Confidential or Export-Controlled Material, all counsel of record who received such materials shall certify compliance herewith and shall deliver the same to counsel for the party who produced or supplied the Confidential or Export-Controlled Material.

Notwithstanding this provision, counsel are entitled to retain, and shall not be obligated to return or destroy, all documents filed with the Court or submitted to a mediator, trial, deposition, and hearing transcripts, correspondence (including email correspondence and attachments), deposition and trial exhibits, expert reports, attorney work product, such as drafts of pleadings, internal memos, email communications internally or with clients regarding the case, and consultant and expert work product, even if such materials contain Confidential Material or Export-

---

[3] The parties may mutually agree to a deadline for compliance with Section 11 of this protective order.



Controlled Material. Counsel will store such protected materials in the same manner as it handles its own confidential materials in the ordinary course of business and will take all reasonable measures to prevent inadvertent dissemination of such materials. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 12, 2021                              *s/ Jessica M. Andrade*, WSBA No. 39297
                                                                              Attorneys for Plaintiff

DATED: January 12, 2021                              *s/Steve Y. Koh*, WSBA No. 23284
                                                                              Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 13th day of January, 2021.

_____
The Honorable James L. Robart
United States District Court Judge

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 13

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Leonardo, S.p.A. v. The Boeing Company* (W.D. Wa. Case No. 19-cv-2082). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. As part of this obligation, I solemnly promise that I will not knowingly disclose, export, or transfer, in any manner, any Export-Controlled Material to any non-U.S. Person, and will not transport or cause to be transported any Export-Controlled Material outside the territory of the United States, without prior written approval of the Bureau of Industry and Security, United States Department of State, or other appropriate U.S. government department or agency. I understand that U.S. laws and regulations contain provisions for civil fines and administrative penalties for violation of any provision of the Export Administration Regulations or International Traffic in Arms Regulations and for criminal fines and/or imprisonment for the willful violation of these laws.

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 14

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 15

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

DATED: January 12, 2021

| | |
|---|---|
| s/ *Jessica M. Andrade* | s/ *Steve Y. Koh* |
| Jessica M. Andrade, WSBA No. 39297 | Steve Y. Koh, WSBA No. 23284 |
| Jessica.andrade@polsinelli.com | SKoh@perkinscoie.com |
| **Polsinelli P.C.** | Brendan J. Peters, WSBA No. 34490 |
| 1000 Second Avenue, Suite 3500 | BPeters@perkinscoie.com |
| Seattle, WA 98104 | Michael E. Scoville, WSBA No. 44913 |
| Telephone: 206.393.5400 | MScoville@perkinscoie.com |
| | Mica D. Klein, WSBA No. 46596 |
| Alan A. D'Ambrosio, *pro hac vice* | MicaKlein@perkinscoie.com |
| adambrosio@dunnington.com | **Perkins Coie LLP** |
| William F. Dahill, *pro hac vice* | 1201 Third Avenue, Suite 4900 |
| wdahill@dunnington.com | Seattle, WA 98101-3099 |
| Joseph Johnson | Telephone: 206.359.8000 |
| jjohnson@dunnington.com | Facsimile: 206.359.9000 |
| Kamanta C. Kettle | |
| kkettle@dunnington.com | *Attorneys for Defendant The Boeing Company* |
| **Dunnington, Bartholow & Miller LLP** | |
| 230 Park Avenue, 21st Floor | |
| New York, NY 10169 | |
| Telephone: 212.682.8811 | |

*Attorneys for Plaintiff Leonardo S.p.A.*

STIPULATED AMENDED PROTECTIVE ORDER
(Case No. 2:19-cv-2082)
Page 16

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400